## R. M. HARTSOCK *v.* COMMISSION

George L. Anderson, Jr., District Attorney, Union County, represented plaintiff.

Carl N. Byers, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for defendant rendered May 22, 1969.

EDWARD H. HOWELL, Judge.

The sole issue presented in this case is whether the taxpayer's property is entitled to a special farm use assessment for the tax year 1968-69.

ORS 308.370(2) provides that land which is not within a farm use zone but which is presently being used for farm use, and has been so used for the preceding two years, shall be assessed at its true cash

value for farm use and not at its true cash value for other than farm use.

The phrase "farm use" has been defined in ORS 215.203(2)(a) as:

"* * * 'farm use' means the current employment of land for the purpose of obtaining a profit in money by raising, harvesting and selling crops or by the feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or honeybees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof. * * *"

Subsection (2)(b) of the same statute states:

"* * * farm use land shall not be regarded as being used for the purpose of obtaining a profit in money if the whole parcel has not produced a gross income from farm uses of $500 per year for three of the five calendar years immediately preceding the assessment day of the tax year for which farm use is claimed by the owner or allowed by the assessor, * * *."

The taxpayer filed a timely application as required by ORS 308.375 for the special farm use assessment, but the assessor denied the application on the grounds that the property did not constitute a bona fide farm. The taxpayer appealed the denial to the tax commission and the commission held that the land was entitled to the special assessment. The assessor appealed the commission's order.

The property consists of ten acres of land which was purchased in January, 1965, for $4,500. After deducting the homesite the balance consists of 8.5 acres. The land has always been farmed.

The taxpayer has pastured cattle on the property

every year since 1965. The land is sprinkler irrigated and the taxpayer uses 120 pounds of fertilizer per acre.

The taxpayer lives on the property but has full-time employment. The evidence showed that he had at least general familiarity with farming. A barn is located on the property. No hay is cut and no labor hired. The taxpayer owns his irrigation equipment. Some hay is purchased and fed in the early spring.

The 8.5 acres is used exclusively for pasturing cattle. Generally since 1965 the taxpayer has purchased steers in the spring, pastured them and sold them in the fall. In the spring of 1969 he purchased ten cows with calves and one bull. In 1965 he purchased 8 steers which he sold for $1,240; in 1966, 8 steers were sold for $1,700; in 1967, 12 steers were butchered and sold for $3,150; in 1968, 17 steers were sold for $3,030.

The question of what properly constitutes a bona fide farm is difficult to determine and it is equally difficult under the statutes to establish any guidelines or standards. ORS 215.203(2)(a), *supra,* states that "farm use" means "the currrent employment of land *for the purpose of obtaining a profit in money*" by the production of crops or the raising of livestock, "or any other agricultural or horticultural use or animal husbandry or any combination thereof." (Emphasis supplied.) Subsection (2)(b) states that land is not considered as being used for the "purpose of obtaining a profit" if the whole parcel has not produced a gross income from farm use of $500 per year for three of the five calendar years preceding the assessment date in question.

The legislature also enacted ORS 308.380 which requires the tax commission to promulgate regulations

defining farm use of unzoned farmland. The statute reads:

> "The State Tax Commission shall provide by regulation for a more detailed definition of farm use, consistent with the general definition in subsection (2) of ORS 215.203, to be used by county assessors in determining entitlement to special assessment under subsection (2) of ORS 308.370. Such regulations shall be designed to exclude from the special assessment those lands which are not bona fide farms for which the tax relief is intended."

Pursuant to the legislative mandate the commission adopted Reg 308.380 (1965 Regs) which lists 24 items the assessors may consider in determining whether the land is entitled to the special farm use assessment.[1]

---

[1] Reg 308.380 states in part:

"\* \* \* \* \*

"2. In making a determination of what constitutes a bona fide farming operation, the assessor may consider:

"a. Present and past use of the land.

"b. The fact that a proposed subdivision plan for subject property has been submitted for approval to any officer named in ORS 92.100.

"c. Business activity of owner on and off the subject property.

"d. Principal domicile of owner and family.

"e. Date of acquisition.

"f. Purchase price.

"g. Whether farming operation is conducted by the owner or by another for owner.

"h. If conducted by another for owner, the provisions of the arrangement, written or oral, including, but not limited to, the terms, area let, consideration and provisions for termination.

"i. Farming experience of owner or person conducting farming operation for owner.

"j. Participation in governmental or private agricultural programs or activities.

"k. Productivity of the land.

"l. Acreage of crop land.

"m. Acreage of other lands (wooded, idle).

"n. Number of livestock or poultry (by type).

Understandably the commission has not attempted to indicate whether the special assessment should be allowed if the taxpayer has met part of the considerations or whether the various considerations mentioned are of equal importance.

The taxpayer here meets about half the considerations mentioned in the commission's regulation.

██ Although the legislature in ORS 308.380 directed the commission to promulgate regulations defining farm use, it also required the definitions to be "consistent with the general definition in subsection (2) of ORS 215.203." Subsection (2)(b) of that statute states that if the land has not produced a gross income of $500 per year for three of the past five years the land will not be considered as being used for "the purpose of obtaining a profit." Conversely, it would appear that if the land produced more than $500 gross income per year for the required time, such income would be of prime importance in determining whether the land was entitled to the special farm use assessment. However, the fact that the land has produced in excess of $500 per year for the three-year period would not automatically qualify the land for the special assessment because the features mentioned in the com-

---

"o. Acreage of each crop planted.

"p. Amount of fertilizer and lime used.

"q. Amount of last harvest of each crop.

"r. Gross sales last year from crops, livestock and livestock products.

"s. Amount of feed purchased last year.

"t. Months of hired labor.

"u. Uses, other than farming operation, of the land.

"v. Ratio of farm or agricultural use as against other uses of land.

"w. Inventory of buildings, and condition of same.

"x. Inventory of machinery and equipment and condition of same.

"* * * * *."

mission's regulations should also be considered by the assessors.

While the plaintiff's acreage is small in size, by the use of irrigation and fertilizer he has been able to pasture 17 head of cattle on the property. His gross income for the three years preceding January 1, 1968, was substantially more than the amount required by ORS 215.203(2)(b).

Giving primary consideration to the taxpayer's gross income from the property plus his meeting a substantial number of the considerations mentioned in the commission's regulation, it is the court's conclusion that the taxpayer's land is entitled to the special farm use classification.

The order of the commission is affirmed.