# IN THE OREGON TAX COURT

James F. STILWELL,
Raymond K. Ingold, Arthur P. Nye, Norma Jean Nye,
Joan Conway, Arthur McDonough and
Francine C. McDonough

*v.*

## DEPARTMENT OF REVENUE

(TC 2922)

William M. Ganong, Klamath Falls, represented plaintiffs.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 26, 1990.

**CARL N. BYERS, Judge.**

Plaintiffs appeal the denial of special farm use assessment of approximately 127 acres for the 1988-89 tax year. The parties have stipulated the facts and each party has moved for summary judgment.

The property, zoned for industrial use, is located inside the urban growth boundary of Klamath Falls. The historic use of the property has been irrigated cattle pasture. It was leased for cattle pasture for the calendar years 1983 through 1986. The property was taxed at its "farm use value" for tax years 1983-84 to 1987-88. The owners advertised the property for lease for 1987, but were unable to find a lessee. Consequently, the assessor disqualified the property for "lack of income."

Defendant, in its Opinion and Order, held the property was not qualified because of "no actual use of the property." The parties agree there has not been any change in the historic use which might render the property undesirable for farm use.

ORS 308.370(2) provides that any land "which is not within a farm use zone but which is being used and has been used for the preceding two years, exclusively for farm use" shall be valued at true cash value for farm use and not at the value it would have if applied to other than farm uses.

■   ORS 308.372(1) provides:

"[F]armland that is not within an area zoned for farm use * * *, is not used exclusively for farm use unless in three out of the five calendar years immediately preceding the assessment date the farmland was operated as part of a farm unit that has produced a gross income from farm uses in the amount provided in subsection (2) of this section."

The parties stipulate that the subject property met the gross income requirement at all material times.

■   The issue is whether plaintiffs have met the "use" requirement. The primary consideration determining farm use assessment is land "*which is being used,* and has been used for the preceding two years, exclusively for farm use." (Emphasis added.) ORS 308.370(2). ORS 308.370 explicitly incorporates by reference the definition of "farm use" provided in ORS 215.203(2)(a): "[F]arm use means the *current* employment of land for the primary purpose of obtaining a profit * * *." (Emphasis added.)

Plaintiffs contend that compliance with the income test, 20 consecutive years of use as a farming operation, plus the fact that they actively pursued a farm use tenant for 1987

should entitle the subject property to farm use assessment. Plaintiffs rely on *Hartsock v. Commission,* 3 OTR 434, 439 (1969), as support for this conclusion. The court there stated:

"Giving primary consideration to the taxpayer's gross income from the property plus his meeting a substantial number of the considerations mentioned in the commission's regulation, it is the court's conclusion that the taxpayer's land is entitled to the special farm use classification."

In *Hartsock,* the assessor denied taxpayer's application for farm use assessment for 1968-69. The taxpayer had pastured cattle on the 8.5-acre property every year since 1965 and had met the statutory income requirement. The taxpayer lived on the property but had full-time employment elsewhere. The assessor alleged the property was not a bona fide farm. Giving primary consideration to the taxpayer's gross income from the property, the court found the taxpayer's land was entitled to farm use assessment. However, the court stated:

"[T]he fact that the land has produced in excess of $500 per year for the three-year period would not automatically qualify the land for the special assessment * * *." *Id.* at 438.

Even though plaintiffs attempted to find a tenant for the subject property, that is not enough. The land must be used for farm purposes in the relevant year. As the court in *Shepherd v. Dept. of Rev.,* 8 OTR 122, 126 (1979), noted: "[T]he statutory language requires *current* use for profits, * * *." The property did not meet the current use requirement.

A second issue is plaintiffs' claim they were denied due process. The assessor's notice of disqualification stated "lack of income." Defendant found the property met the income requirements, but held that it did not qualify because the land was not actually used for "farm use."

Plaintiffs allege that had they known the true issue was nonuse, "they could have produced evidence on that issue." They also state that if they had received notice that "use" was the issue, "they may have decided to not incur the costs involved in an appeal or they could have produced evidence relating to that issue."

■ ORS 308.395(1) provides that "the assessor shall notify the owner" when farmland is disqualified. OAR

150-308.395(1) directs that the notice be mailed to the owner and shall state:

"(a)   That the subject property has been disqualified from special farmland assessment;

"(b)   The market value to be placed on the assessment roll for the current year; and

"(c)   The additional tax liability that will be imposed, or if the land is not used for another use, the amount of the potential additional tax liability."

Neither the statute nor the administrative rule requires the reason for disqualification to be stated in the notice. Plaintiffs have not shown that the notice resulted in any detriment to them. There is nothing in the stipulated facts or in plaintiffs' arguments to suggest that, if given the opportunity, they could prove the property met the "use" requirement. The land was not used for farm purposes for two years. The court finds disqualification was proper. The required notice was sent to plaintiffs and although the reason given was incorrect, the plaintiffs suffered no detriment.

Based on these findings, plaintiffs' Motion For Summary Judgment must be denied. Now, therefore,

IT IS ORDERED that plaintiffs' Motion For Summary Judgment is denied; and

IT IS FURTHER ORDERED that defendant's Motion For Summary Judgment is granted.